## Katzenstein v. Sigmund

*E. R. Walker,* for plaintiff.
*Richard J. Green, Jr.,* for defendants.

COFFROTH, *P. J.,* June 28, 1985 — This is an action in contract by plaintiff seller of ice milk manufacturing equipment, to recover the unpaid balance of the contract price. The contract proposal was to sell and install the following:

| | | |
|---|---|---|
| 1. | (1) Stoelting Soft Ice Cream Machine | $10,395.00 |
| 2. | (1) 30 x 36" Worktable: | $ 167.30 |
| 3. | (1) Cone Dip Dispenser: | $ 335.00 |
| 4. | (1) Hot Fudge Unit: | $ 91.00 |
| 5. | (1) Nelson Ice Cream Cabinet: | $ 1,519.00 |
| 6. | (1) Cone Cup Dispenser: | $ 335.00 |
| 7. | (1) Shake mixer: | $. 140.00 |
| 8. | (1) Hand Sink: | $ 110.00 |
| | | $13,092.30 |
| | Pennsylvania Sales Tax | 785.54 |
| | TOTAL | $13,877.84 |

The goods were delivered and installed in defendants' place of business and were accepted.

After installation, defendants learned that substantial alterations to the sanitary sewer system on their property would be necessary before use of the equipment was legally permissible, causing an additional expenditure of $10,000 and consequent inability to do business during the summer of 1984 as contemplated. Defendants contend that plaintiff in the sale agreement had said that he "would take care of everything," or "would take care of the whole thing," which defendants interpret as including whatever might have to be done at defendants' premises to enable them to sell the ice milk product, and they have counterclaimed for their damages.

Plaintiff did not, in fact, inspect or undertake to inspect the sewerage system, nor was any insufficiency thereof discovered or brought to the attention of either party, until the Commonwealth had refused a permit for operation; the permit application had been prepared for defendants by plaintiff, but was signed and submitted by defendants with their check for the application fee.

The prices quoted for the installed equipment were within normal range elsewhere for such equipment with normal installation for placement on the property with electric and water connection, and the contract contained no mention of price for altering defendants' sewerage system.

Since defendants accepted the goods without complaint, plaintiff is not restricted to recovery of damages, and instead is entitled to sue to recover the entire contract price. See Weber v. Sipe, 41 Somerset L.J. 305 (1982). In order to recover on their counterclaim, defendants have the burden of proving that plaintiff promised to include as part of the installation to make any alterations to defendants' premises necessary to operation of the equipment. There is no such promise here, express or implied; plaintiff's vague and general assertions to "take care of everything" and the like refer only to the listed items in the sales proposal, and to ordinary installation. It is unreasonable to think that plaintiff's promises in this case to sell and install the equipment would include alterations to defendants' property without some language specifically undertaking to include it.

In order to make a binding contract, it is essential that the proofs show reasonably definite language which was intended by the alleged promisor as a promise to the other party and to be understood as such by the other party. As stated by Judge Shaulis in Horner v. Penrod, 32 Somerset L. J. 185, 189, 1 D.&C.3d 83 (1975):

"It is basic contract law that to constitute a contract, the nature and extent of its obligations must be certain and unambiguous. The contract must not be vague or indefinite. It is also recognized that a contractual promise cannot be judicially enforced unless it is sufficiently definite to enable the court to

ascertain the intention of the parties to a reasonable degree of certainty." (Citations omitted.)

The language relied on by defendants is not sufficiently definite to constitute a promise with a reasonably objective meaning which all parties should understand. If defendants had wished to bargain for payment by the seller of all costs of improvements necessary at their property to accommodate the equipment and to obtain all needed permits, such an obligation should have been specified. By the same reasoning, there is no actionable warranty, representation or misrepresentation here. Compare Davis v. Park et al, 378 Civil 1984, opinion of June 20, 1985, Part III.

Moreover, from the standpoint of the equities in the case, defendants have the benefit of the installed equipment for a fair price for such installation plus the benefit of the sewerage system at a fair price for it. It would be unfair under the circumstances here present to deprive plaintiff of the fair price of what he furnished.

## NONJURY DECISION

Now, June 28, 1985, the verdict is for plaintiffs for $8,877.84, plus interest from May 7, 1984. Defendants' counterclaim is dismissed with prejudice. Costs on defendants.